IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SMART VENT PRODUCTS, INC.,<br><br>                    Plaintiff,<br><br>       v.<br><br>CRAWL SPACE DOOR SYSTEM, INC.,<br><br>                    Defendant. | Civil No. 13-5691-JBS-KMW |

### AMENDED SCHEDULING ORDER

This Scheduling Order is entered as a result of correspondence dated May 12, 2015 from Emmett S. Collazo, Esquire, counsel for plaintiff; with the consent of all counsel; and for good cause shown:

IT IS this **14th** day of **May**, **2015**, hereby **ORDERED**:

1. Pretrial factual discovery will expire on **July 30, 2015**. All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

2. **Discovery Applications**. All discovery applications pursuant to L. Civ. R. 37.1(a)(1) shall include an Affidavit or Certification that includes the information identified in L. Civ. R. 37.1(b)(1). Absent exigent circumstances, the Court expects parties to "meet and confer" in person or via telephone before making a discovery application, rather than just exchanging letters or e-mails.

3. **Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in <u>Hall v. Clifton Precision</u>, 150 F.R.D. 525 (E.D.Pa. 1993).

4. All affirmative expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be served not later than **June 30, 2015**. All rebuttal expert reports and

expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) shall be served not later than **July 17, 2015**. Each such report should be accompanied by the curriculum vitae of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **July 30, 2015**.

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and Teen-Ed v. Kimball International, Inc., 620 F.2d 399 (3d Cir. 1980).

5. **Dispositive Motions**. Dispositive motions shall be filed with the Clerk of the Court no later than **September 25, 2015.** Opposition to the motion should be served in a timely fashion. Counsel are to follow L. CIV. R. 7.1, 7.2, 56.1 and 78.1 (Motion Practice - Generally).

6. The Court will conduct a telephone status conference on **July 6, 2015 at 2:00 p.m.** Counsel for plaintiff shall initiate the telephone call.

7. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

s/ Karen M. Williams
KAREN M. WILLIAMS
United States Magistrate Judge

cc:  Hon. Jerome B. Simandle