IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SMART VENT PRODUCTS, INC.<br><br>           Plaintiff,<br><br>   v.<br><br>CRAWL SPACE DOOR SYSTEM, INC.<br><br>           Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 13-5691 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

In this unfair competition and trademark infringement action, Plaintiff Smart Vent Inc. (hereinafter, "Plaintiff") seeks clarification and/or partial reconsideration of the Court's August 15, 2016 Opinion and Order concerning Defendant Crawl Space Door System, Inc.'s (hereinafter, Defendant") Motion for Partial Judgment on the Pleadings. See generally Smart Vent Products, Inc. v. Crawl Space Door System, Inc., No. 13-5691, 2016 WL 4408818 (D.N.J. Aug. 16, 2016). For the reasons that follow, Plaintiff's motion for clarification and/or partial reconsideration will be denied. The Court finds as follows:

    1. **Factual and Procedural History.** The Court thoroughly described the relevant background of this case in Smart Vent, Inc., 2016 WL 4408818 at *2-*4, and need not repeat it here. As relevant to the pending motion, the Court (1) granted Defendant's motion for judgment on the pleadings to the extent

it concerns Plaintiff's allegations of FEMA and NFIP Compliance and patent protection, and (2) denied it to the extent it concerned Plaintiff's allegations of TB-1 Compliance and the trademark related issues.[1]  Plaintiff now takes issue with the Court's interpretation of Defendant's use of individual certifications to comply with FEMA regulations, as opposed to obtaining an ICC-ES Evaluation Report as referenced in TB-1. The Court found that Defendant's "approach to certification . . . comports with the facial requirements to certification under 44 C.F.R. § 60.3(c)(5), i.e, the actual binding regulations underpinning the FEMA-administered NFIP." Smart Vent Inc., 2016 WL 4408818 at *7.[2]  The Court reasoned that Plaintiff's allegations in its Complaint "readily admit" that Defendant "engages engineers who certify" that Defendant's flood vents "meet or exceed the minimum net area requirements." Id.  As a result, the Court concluded that Defendant has "'clearly establishe[d]' the absence of any 'material issues of fact' on

---

[1] Plaintiff has also filed a motion for partial summary judgment on its unfair competition claims and for a permanent injunction against Defendant [Docket Item 103], but the Court will address that motion in a separate forthcoming opinion.  This opinion only addresses Plaintiff's motion for reconsideration of the Court's August 16, 2016 Opinion and Order. [Docket Item 97.]
[2] 44 C.F.R. § 60.3(c)(5) requires that "designs" of flood vents "must either be certified by a registered professional engineer or architect or meet or exceed the following minimum criteria: A Minimum of two openings having a total net area of not less than one square inch for every square foot of enclosed area subject to flooding shall be provided." 44 C.F.R. § 60.3(c)(5).

the question of whether it falsely or misleadingly advertised its product as 'FEMA' and/or 'NFIP' compliant," and therefore dismissed those aspects of Plaintiff's complaint with prejudice. Id.

2. **Standard of Review.** Local Civil Rule 7.1(i) provides that a party moving for reconsideration must set forth "concisely the matter or controlling decisions which the party believes" the Court "overlooked" in its prior decision. L. Civ. R. 7.1(i). The party seeking reconsideration, however, bears the heavy burden of demonstrating either: "'(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice.'" Andreyko v. Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (citations omitted).

3. A motion for reconsideration, however, constitutes an extremely limited procedural vehicle, and does "not provide the parties with an opportunity for a second bite at the apple," Tishcio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998), nor a vehicle "to relitigate old matters, or to raise [new] arguments" that could have been presented in connection with the court's original decision. NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996); see also Tishcio, 16 F. Supp. 2d at 532 (same). Indeed, mere disagreement with

3

the court's decision should be dealt with through the normal appellate process.  See Andreyko, 993 F. Supp. 2d at 478; see also Shevline v. Phoenix Life Ins., No. 09-6323, 2015 WL 348552, at *1 (D.N.J. Jan. 23, 2015) (same).  Importantly, "a decision suffers from 'clear error' only if the record cannot support the findings that led to the ruling . . . Thus, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling: it must demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in "manifest injustice if not addressed." Leja v. Schmidt Mfg., 743 F. Supp. 2d 444, 456 (D.N.J. 2010).

    4.    **Plaintiff's Grounds for Reconsideration.** Plaintiff first argues that the Court erred in granting Defendant's motion with respect to Defendant's statements that its engineered floor vents are "FEMA-compliant" and NFIP-compliant."  Specifically, Plaintiff disagrees with the Court's statement that Plaintiff readily admit[s]" that Defendant "engages engineers who certify that [Defendant] flood vents meet or exceed the minimum net area requirements" because the Complaint also alleges that Defendant's certifications have overstated, and continue to overstate, coverage areas for its engineered flood vents." (Pl. Br. at 6).  While the Complaint does contain allegations regarding Defendants' overstating of coverage areas, it also

4

contains allegations that Defendant "engages engineers to sign non-specific individual certifications in 14 states," and that Defendant "has hired engineers to sign and place state-registration seals on these 'Engineered Flood Vent Certification' documents." (Compl. ¶¶ 34-35.)  Additionally, Plaintiff states that Defendant "offers flood vent model 816CS with a 'certification' that states that that model has a net open area of 105 square inches, and services an enclosed area of 205 square feet." (Id. at ¶ 44.)  This is sufficient to comport with the facial requirements for certification under 44 C.F.R. § 60.3(c)(5).  Defendant clearly disagrees with the Court's interpretation of "FEMA-compliant" and NFIP-compliant" here, but the proper avenue to challenge it is through the appellate process, not through reconsideration. See Smart Vent Inc. v. USA Floodair Vents, Ltd., No. 10-168, 2017 WL 1026541, at *5 (D.N.J. Mar. 15, 2017)(denying Plaintiff's motion for reconsideration on similar grounds).

5.   Next, Plaintiff takes issue with the Court's finding that Plaintiff's theory of liability for Defendant's FEMA-compliant misstatements "hinges, in its entirety, upon Crawl Space's use of individual engineering certifications, rather than the ICC-ES Evaluation Report referenced in TB-1." Smart Vent, Inc., 2016 WL 4408818, at *7.  It argues that it also alleges that Defendant improperly inflates the net open area of

5

its vents. (Pl. Br. at 7.)  But such alleged manipulation does not relate to Defendant's compliance with 44 C.F.R. § 60.3(c)(5), and Plaintiff fails to explain why the Court's statement was a "clear error of law" or needs reconsideration to "prevent manifest injustice."[3]

6.   Next, Plaintiff argues that where an engineered flood vent is "FEMA-Compliant" or "NFIP-Compliant" is broader than whether it is  44 U.S.C. § 60.3(c)(5)-compliant. In other words, "a flood vent's compliance with FEMA or the NFIP is not confined to an examination of whether its manufacturer provided a certification which meets the limited language of the C.F.R. (Pl.'s Br. at 3.)  As a result, it argues, Defendant's "technical compliance with § 60.3(c)(5) is but a limited, if not inconsequential, part of the FEMA/NFIP compliance picture with respect to engineered flood vents, and [Defendant]'s statements in marketing and advertising that its engineered flood events

---

[3] Defendant also argues that "[f]ailure to meet the requirements of TB-1 is a failure to be compliant with that aspect of FEMA and the NFIP.  While this may not be explicitly set forth in the Complaint, it is certainly set forth in all reasonable inferences to be drawn from the Complaint." (Pl. Br. at 7.) The Court disagrees, as the Court will rely on the regulation itself over interpretative guidance. See Beazer East, Inc. v. United States EPA, 963 F. 2d 603, 611 n.7 (3d Cir. 1992)("[w]e caution that we will not defer to an interpretation that implies language that cannot simply be found in the regulation.").

6

are 'FEMA-compliant' or 'NFIP-compliant' are literally false or, at best, misleading."

7.   The Court made no such error, as Plaintiff simply disagrees with the Court's decision and presents an inappropriat grounds for reconsideration. See Hackensack Riverkeeper v. Del. Ostego Corp., No. 05-4806, 2007 WL 1749963, at *3 (D.N.J. June 15, 2007) ("The substance of Plaintiff's argument, however, is that the Court came to the wrong conclusion, not that the Court overlooked controlling standard and law.").  The Court thoroughly explained why it granted Defendant's motion for judgment on the pleadings with respect to Defendant's FEMA and NFIP compliant allegations, as it explained that Plaintiff's reliance on the language of TB-1 is misguided, mainly because "[t]he [FEMA] bulletins do not create regulations; rather, they provide specific guidance for complying with the requirements of existing NFIP regulations." Smart Vent Inc., 2016 WL 4408818 at *2 n.3. As the Court noted in a related case, Smart Vent, Inc. v. USA Floodair Vents, Ltd., 193 F. Supp. 3d 395, 402 n.9 (D.N.J. 2016):

> In other words, the guidance provided in TB-1 provides only FEMA's persuasive interpretation of the NFIP, but stops short of creating new legal requirements or otherwise heightening the regulations expressed in 44 C.F.R. § 60.3. As a result, Smart Vent cannot point to TB-1 as a controlling regulation, nor can the Court find [Defendant] in breach of the NFIP solely on account of its failure to follow TB-1's guidance, because TB-1 directs itself only to guidance, not binding requirements. Stated differently, the

7

> Court cannot find anything false or misleading in [Defendant] advertisement of an NFIP-compliant flood vent, simply because its vents fall short of the guidance provided in TB-1, because its certification process otherwise comports with the limited facial requirements of 40 C.F.R. § 60.3(c)(5).

The Court declines to deviate from its reasoning in this prior Smart Vent matter, and finds no reason to reconsider its decision in this case based on the same argument.

8.  Plaintiff next submits that the Court misstated certain portions of TB-1. (Pl. Br. at 8.)  Specifically, Plaintiff takes issue with the Court's statement that TB-1 "provides only specific guidance for complying with the requirements of existing NFIP regulations, and then directs users to consult, if necessary, the actual legal requirements of the NFIP under 44 C.F.R. § 60.3." Smart Vent Inc., 2016 WL 4408818 at *2 n.3 (citations and quotation marks omitted). Plaintiff also disagrees with the Court's statement that TB-1 "directs consumers to closely inspect the requirements of 44 C.F.R. § 60.3." Id. at *3. Not only is Plaintiff misguided by focusing on minor disagreements that are not appropriate for a motion for reconsideration, but TB-1 explicitly states that "Title 44 of the U.S. Code of Federal Regulations contains the NFIP criteria for floodplain management," and emphasizes "[c]areful attention to compliance with the NFIP regulations for

8

flood openings," which are found at Section 60.3. (Ex. 1 to Compl. at 4, 28.)

9. Finally, Plaintiff argues that the Court erred because TB-1 links the use of compliant flood openings and the reduction of flood insurance premiums, so it is clear that Defendant advertises its engineered flood vents as "FEMA-compliant" and/or "NFIP-compliant" in an effort to convince consumers that they will qualify for a lower flood insurance premium. (Pl. Br. at 10-13.) Plaintiff did not make this argument in its briefing, so the Court will not entertain this new argument on a motion for reconsideration, as it does not apply that this information was not previously available at the time of the original motion. See Estate of Harrison v. Trump Plaza Hotel & Casino, No. 12-6683, 2015 WL 3754996, at *2 (D.N.J. June 16, 2015)("new arguments cannot serve as the basis for the Court's reconsideration of its prior Opinion and Order.").

10. An accompanying Order will be entered.

| | |
|---|---|
| **March 27, 2017** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |