IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SMART VENT PRODUCTS, INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CRAWL SPACE DOOR SYSTEM, INC.<br><br>　　　　Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 13-5691 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

1.　This matter comes before the Court by way of a motion in limine filed by Defendant Crawl Space Door System, Inc. (hereinafter, "Defendant"), in order to clarify which issues remain to be decided at trial. (See Def.'s Mot. [Docket Item 154].)[1] Plaintiff Smart Vent Inc. (hereinafter, "Plaintiff") opposes the present motion and suggests its list of issues for trial. (See Pl.'s Opp'n [Docket Item 155].) For the reasons that follow, Defendant's present motion will be denied and the remaining issues for trial will be identified herein.

2.　**Factual and Procedural History.** The Court thoroughly described the relevant background of this case in Smart Vent Prod., Inc. v. Crawl Space Door Sys., Inc., No. 13-5691 (JBS/KMW), 2016 WL 4408818, at *2-4 (D.N.J. Aug. 16, 2016), and need not repeat it

---

[1] This motion is perhaps more accurately understood as a motion for clarification with regards to the Court's prior orders granting partial summary judgment and partial judgment on the pleadings.

here. As relevant to the present motion, (1) on August 16, 2016, with respect to Defendant's motion for judgment on the pleadings, the Court granted the motion to the extent it concerned Plaintiff's allegations of FEMA and NFIP compliance and patent protection, and denied it to the extent it concerned Plaintiff's allegations of TB-1 compliance and trademark-related issues, (see Opinion [Docket Item 94]; Order [Docket Item 95]); (2) on March 27, 2017, the Court denied Plaintiff's motion for reconsideration, (see Memorandum Opinion [Docket Item 114]; Order [Docket Item 115]); (3) and on November 1, 2017, the Court granted Plaintiff's motion for partial summary judgment on its unfair competition claims and for a permanent injunction. (See Opinion [Docket Item 119]; Order [Docket Item 120].) On July 19, 2018, Magistrate Judge Williams granted Defendant leave to file the present motion "to limit the issues for trial," after which Judge Williams shall set a date for a Final Pretrial Conference in this case. (See Text Order [Docket Item 148], July 18, 2018; Order [Docket Item 156], Aug. 14, 2018.)

3. **Defendant's Motion.** Defendant requests clarification with regards to two separate issues. First, Defendant asserts that the Court has dismissed Plaintiff's unfair competition claims, as part of Counts I, II, and III of the Amended Complaint, in their entirety, with prejudice; alternatively, Defendant asserts that these claims are precluded by the doctrines of the law of the case or of judicial estoppel. (Def.'s Br. [Docket Item 154-1], 7-14.)

Second, Defendant asserts that the patent portions of Plaintiff's unfair competition claims should be dismissed because Plaintiff's allegations in the Amended Complaint are insufficient under Rule 8, Fed. R. Civ. P., and Iqbal to support an inference of bad faith. (Id. at 16-17.)

4. Plaintiff responds that whether Defendant overstated the net open area of its vents is an undecided issue of liability on Plaintiff's existing federal and state unfair competition claims (Counts I, II, and III) and its negligent misrepresentation claim (Count IV). (Pl.'s Opp'n [Docket Item 155], 4-9.) Plaintiff further asserts that the doctrines of the law of the case and judicial estoppel are inapplicable in these circumstances. (Id. at 9-12.) Finally, Plaintiff opposes Defendant's request to dismiss the patent protection portion of Plaintiff's unfair competition claims on the basis that the claims are sufficiently pled in the Amended Complaint and that the present motion, seeking dispositive relief, is not the appropriate vehicle for dismissing such claims. (Id. at 15-18.)[2]

---

[2] Plaintiff also asserts that Defendant is in contempt of the permanent injunction entered against it by this Court, and that Plaintiff should therefore be allowed to introduce evidence of this alleged contempt at trial. (Pl.'s Opp'n [Docket Item 155], 12-15.) However, an injunction is an equitable remedy, the breach of which can only be determined by the Court, not by a jury. Plaintiff is free to file a motion to enforce the present injunction, but such an issue would not be presented to the jury in this case. Insofar as Plaintiff intended this section of its brief to serve as a request to have this matter of contempt or

3

5. The Court shall first address Defendant's arguments that the Court has previously dismissed Plaintiff's unfair competition claims. (Def.'s Br. [Docket Item 154-1], 7-14.) Defendant contends that by virtue of the Court's prior rulings regarding Defendant's statements about their flood vents' purported FEMA- and NFIP-compliance, Plaintiff is not permitted to present any evidence regarding Defendant's allegedly false or misleading claims regarding Defendant's vents' net open area through which flood waters may pass or the amount of coverage area in the enclosed crawl space that its vents are capable of servicing. (Id. at 8-10.) Plaintiff responds that, while the Court has addressed and rejected Plaintiff's claims with regard to Defendant's alleged misstatements of FEMA- and NFIP-compliance, the Court has not addressed Plaintiff's broader allegation that Defendant made false or misleading statements regarding the net open area of its flood vents and the amount of coverage area that its vents are capable of servicing; Plaintiff further contends that none of the Court's prior rulings have addressed any of the alleged misrepresentations

---

violation of the permanent injunction decided by the jury, the request shall be denied. In other words, the Court denies Plaintiff's request to present a cause of action to the jury for contempt or for enforcement of the permanent injunction. The Court does not determine, because it has not been presented in a motion and identified specifically by either party, whether particular evidence relevant to breach of the permanent injunction may be admissible as relevant to the trial of the causes of action that remain.

related to compliance with industry standards such as those of the American Society of Civil Engineers ("ASCE") or the International Building Code ("IBC"). (Pl.'s Opp'n [Docket Item 155], 5-8.) To support its position, Plaintiff cites to the Court's Opinion of August 16, 2016, which clearly states that Plaintiff's "unfair competition claims (under the Lanham Act, New Jersey law, and the common law) will be dismissed with prejudice" only to the extent that they assert that Defendant "falsely or misleadingly advertised its product as 'FEMA' and/or 'NFIP' compliant." (Opinion [Docket Item 94], Aug. 16, 2016, 17.)[3] Plaintiff further directs the Court's attention to the Court's Memorandum Opinion of March 27, 2017, denying Plaintiff's motion for reconsideration, in which the Court states that Plaintiff's allegations "that Defendant improperly inflates the net open area of its vents . . . does not relate to Defendant's compliance with 44 C.F.R. § 60.3(c)(5)," which was the issue adjudicated in the

---

[3] This result is further emphasized by the Court's comment in footnote 8 of the Opinion, which states that at that Defendant "does not, in the context of the pending motion, challenge [Plaintiff's] unfair competition claims to the extent they concern the net [open] area requirements." (Opinion [Docket Item 94], Aug. 16, 2016, 13 n.8 (citing Def.'s Br. [Docket Item 34-1]).) The "net open area" requirement encompasses the coverage area capacity since the latter depends upon the former by an algorithmic formula. Thus, the issue whether Defendant has misrepresented its vents' net open area necessarily includes whether Defendant has misrepresented the coverage area that can be serviced by its vents.

5

Court's August 16, 2016 Opinion. (Memorandum Opinion [Docket Item 114], 5-6.)

6. The Court agrees with Plaintiff. Simply stated, the Court has never dismissed or granted summary judgment as to Plaintiff's claims regarding unfair competition or negligent misrepresentation as they pertain to Plaintiff's allegations that Defendant made false or misleading statements about the net open area of Defendant's vents, the coverage area that Defendant's vents can service, or Defendant's vents' compliance with professional engineering standards, such as those published by the ASCE or the IBC. Further, the Court has not been called upon to address Plaintiff's allegations of false statements or misstatements concerning the patent status of Defendant's vents.

7. As the Court has not previously adjudicated the above-described issues, Defendant's reliance upon the doctrine of law of the case is similarly unavailing. The Third Circuit has stated that

> The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816, [] (1988) (quoting Arizona v. California, 460 U.S. 605, 618, [] (1983)); see also ACLU v. Mukasey, 534 F.3d 181, 187 (3d Cir. 2008). "Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." Pub. Interest Research Group of N.J., Inc. v.

> Magnesium Elektron, Inc., 123 F.3d 111, 116
> (3d Cir. 1997) (quoting 18 Charles A. Wright,
> Arthur R. Miller & Edward Cooper, Federal
> Practice and Procedure § 4478, at 788 (1981));
> see also Casey v. Planned Parenthood of Se.
> Pa., 14 F.3d 848, 856 (3d Cir. 1994).

Daramy v. Attorney Gen. of U.S., 365 F. App'x 351, 354 (3d Cir. 2010). In this instance, the Court has not decided on any rule of law pertaining to Plaintiff's allegation that Defendant made false or misleading statements regarding the net open area of its flood vents and the amount of coverage area that its vents are capable of servicing, or pertaining to Plaintiff's additional allegation that Defendant made false or misleading statements related to Defendant's vents' compliance with industry standards such as those of the American Society of Civil Engineers ("ASCE") or the International Building Code ("IBC"). Therefore, there is no prior decision which should continue to govern in subsequent stages of this case, except as it pertains to claims regarding Defendant's FEMA- or NFIP-compliance, as described, supra. That Defendant's vents have been determined to not be non-compliant with NFIP and FEMA requirements hardly forecloses the claims that Defendant has made the other actionable false or negligent misstatements alleged.

    8.    Insofar as Defendant argues that Plaintiff's net open area claims should be barred by the doctrine of judicial estoppel, the Court notes that in order for judicial estoppel to apply, the

party who is to be estopped must have <u>succeeded</u> in maintaining a contrary legal position in a prior proceeding. <u>New Hampshire v. Maine</u>, 532 U.S. 742, 749 (2001). Here, in fact, Plaintiff failed in its prior arguments and is not estopped from asserting different arguments now. Defendant has failed to direct the Court's attention to any instance where Plaintiff has <u>succeeded</u> in arguing a position that is contrary to their current one regarding net open area. (<u>See</u> <u>generally</u> Def.'s Br. [Docket Item 154-1].) The doctrine of judicial estoppel does not require a party who has lost an argument over a prior legal position to continue to argue for that losing position in future proceedings. Therefore, this portion of Defendant's motion will be denied.

9. With respect to Defendant's further request that the Court dismiss the patent portions of Plaintiff's unfair competition claims for failure to sufficiently allege bad faith, the Court agrees with the Plaintiff's position that such a dismissal is inappropriate in the context of the present motion in limine (or motion for clarification). (Pl.'s Opp'n [Docket Item 155], 15-18.) Defendant's have not directed the Court's attention to any prior Order which dismissed these claims or awarded summary judgment on them in Defendant's favor. (<u>See</u> <u>generally</u> Def.'s Br. [Docket Item 154-1].) Nor was this request filed as a formal dispositive motion. In addition, the Court finds that Plaintiff's Amended Complaint contains sufficient factual allegations, if

proven, to support an inference of bad faith on the part of Defendant with respect to the patent portions of Plaintiff's unfair competition claims. Paragraphs 71-75 of the Amended Complaint together allege that William G. Sykes is a licensed patent attorney who understands the difference between a design patent and a utility patent, that Mr. Sykes serves as the president of Defendant, and that he personally prepared an advertisement that Plaintiff alleges misstates the type of patent that Defendant had received. (Amended Complaint [Docket Item 96], ¶¶ 71-75; Exhibit E [Docket Item 96-5].) These allegations, if proven, are sufficient for a factfinder to infer that Defendant acted in bad faith in making its patent claim. Therefore, this portion of Defendant's present motion will also be denied.

10. In light of these determinations, it is this Court's understanding that the issues remaining for trial consist of:

> a. The aspects of Plaintiff's Counts I, II, and III[4] alleging Defendant is liable for unfair competition arising from Defendant's alleged false or misleading statements regarding Defendant's vents' net open area and coverage area, and those vents' compliance with

---

[4] The Court previously determined that the operative tests for liability for unfair competition under the Lanham Act, the N.J. Unfair Competition Act, and New Jersey common law (Counts I, II, and III, respectively) are the same and that the Lanham Act standard is applied here. (See Opinion [Docket Item 94], Aug. 16, 2018, 14-15 n.10.)

9

industry standards other than NFIP and FEMA, as well as Defendant's alleged false or misleading statements regarding the patent status of Defendant's vents;

b. The aspects of Plaintiff's Count IV alleging Defendant is liable for negligent misrepresentation concerning the matters in (a), above;

c. Plaintiff's Count V, asserting that Defendant is liable for misuse of Plaintiff's trademark;

d. Defendant's counterclaims.

11. An accompanying Order will be entered.

**March 11, 2019**           **s/ Jerome B. Simandle**
Date          JEROME B. SIMANDLE
         U.S. District Judge