IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SMART VENT PRODUCTS, INC.<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CRAWL SPACE DOOR SYSTEM, INC.<br><br>　　　　Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 13-5691 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

1.   This matter comes before the Court by way of a motion filed by Defendant Crawl Space Door System, Inc. (hereinafter, "Defendant") appealing Magistrate Judge Karen M. Williams' March 11, 2019 Statement of Reasons and Supplemental Order [Docket Item 159] requiring Defendant to produce certain documents in connection with certifications created by Defendant as a result of the permanent injunction entered in this case. (See Def.'s Mot. [Docket Item 160].) The Court will affirm Judge Williams' March 11, 2019 order because the Court finds that the documents in question are relevant to certain claims and defenses that remain in this case, and Judge Williams' Order was neither clearly erroneous nor contrary to law. The Court finds as follows:

2.   The Court thoroughly described the relevant background of this case in Smart Vent Products, Inc. v. Crawl Space Door System, Inc., No. 13-5691, 2016 WL 4408818 *2-*4 (D.N.J. Aug. 16,

2016), and shall not repeat it herein, except as relevant to the present motion.

    3. On March 11, 2019, the Court filed a Memorandum Opinion and Order, clarifying which claims and defenses remain in this case. (See Memorandum Opinion [Docket Item 165]; Order [Docket Item 166].) In conclusion, the Court stated:

> [I]t is this Court's understanding that the issues remaining for trial consist of:
> a. The aspects of Plaintiff's Counts I, II, and III alleging Defendant is liable for unfair competition arising from Defendant's alleged false or misleading statements regarding Defendant's vents' net open area and coverage area, and those vents' compliance with industry standards other than NFIP and FEMA, as well as Defendant's alleged false or misleading statements regarding the patent status of Defendant's vents;
> b. The aspects of Plaintiff's Count IV alleging Defendant is liable for negligent misrepresentation concerning the matters in (a), above;
> c. Plaintiff's Count V, asserting that Defendant is liable for misuse of Plaintiff's trademark;
> d. Defendant's counterclaims.

(Memorandum Opinion [Docket Item 165], 9-10.) The Court further stated that there was presently no motion before the Court seeking to challenge Defendant's compliance with the permanent injunction entered in this case. (Id. at 3 n.2.)[1]

---

[1] Judge Williams' Statement of Reasons and Supplemental Order states in part that "[t]he amended certifications bear directly on Defendant's compliance with the permanent injunction." (Statement of Reasons and Supplemental Order [Docket Item 159], 2.) The

2

4. When a magistrate judge decides a non-dispositive motion, the "district court may modify the magistrate [judge]'s order only if the district court finds that the magistrate [judge]'s ruling was clearly erroneous or contrary to law." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1120 (3d Cir. 1986); see also L. Civ. R. 72.1(c)(A)(1) ("A Judge shall consider the appeal . . . and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.").

5. A magistrate judge's finding is clearly erroneous when "although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is 'left with the definite and firm conviction that a mistake has been committed.'" Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (quoting Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990); United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). A ruling is contrary to law if "the magistrate judge has misinterpreted or misapplied applicable law." Id. Where a magistrate judge "is authorized to exercise his or her

---

undersigned subsequently stated, in the motion for clarification, that the issue of compliance with the injunction is not presently before the Court, (see Memorandum Opinion [Docket Item 165], 3 n.2), but nothing precludes future relief if Defendant's breach of injunction is alleged and proved. Nonetheless, at present, it does not appear Plaintiff is alleging breach of the injunction, so this reason for discoverability of the contested documents is not present.

discretion, the decision will be reversed only for an abuse of discretion." Id.

6. In the present case, Judge Williams' order requiring Defendant to produce certain certifications created by Defendant as a result of the permanent injunction entered in this case was neither clearly erroneous nor an abuse of discretion. Rule 26, Fed. R. Civ. P., states in relevant part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Judge Williams rejected Defendant's argument that the documents in question are protected from disclosure by the work product doctrine, finding that Defendant had failed to "set forth with any specificity information to support the application of the doctrine." (Statement of Reasons and Supplemental Order [Docket Item 159], 2 (citing Louisiana Mun. Police Employees Ret. Sys. v. Sealed Air Corp., 253 F.R.D. 300, 306 (D.N.J. 2008)).) Defendant does not assert that this conclusion was incorrect in the present appeal. Neither does Defendant assert that reasons of proportionality (such as undue burden or expense or a tangential relationship to the claims and defenses) should prevent the disclosure of these documents. Therefore the Court shall focus on the question of the relevance of these documents to the remaining claims and defenses in the case.

7. Judge Williams stated that "[t]he amended certifications are . . . relevant because Plaintiff contends that the amended certifications misrepresent the performance of Defendant's flood vents." (Statement of Reasons and Supplemental Order [Docket Item 159], 2 (citing Plaintiff's Letter [Docket Item 130], 3).) The Plaintiff's letter cited by Judge Williams states, in relevant part, that

> [Defendant's] most recent certification, dated November 29, 2017, continues to improperly state, as it did in the October 30, 2012 certification, that this 8" x 16" flood vent serves 205 square feet of enclosed space. [Plaintiff] has previously produced expert testimony which demonstrates that this is impossible, and that these vents actually serve 50 square feet of enclosed space, not 205. This means that thousands of [Defendant's] customers are under-protected.

(Plaintiff's Letter [Docket Item 130], 3.) Defendant argues that Defendant's "communications regarding the 2017 certifications cannot make any facts of consequence in this case (which is limited to pre-2013 certifications) more or less probable." (Def.'s Br. [Docket Item 160-1], 11.)[2] Plaintiff asserts in its opposition brief that the documents in question are relevant to whether

---

[2] Defendant further argues that it "has the right to know which statements in its amended certifications are allegedly false, as well as the right to respond to such allegations." (Def.'s Br. [Docket Item 160-1], 11.) Given the clear statement in Plaintiff's letter, quoted supra, that Plaintiff contends that Defendant's statements regarding the coverage area of its vents are false, the Court finds this argument without merit.

5

Defendant overstated the coverage area of its vents and whether Defendant made misrepresentations regarding its vents' compliance with standards promulgated by the American Society of Civil Engineers (hereinafter, "ASCE") and as part of the International Building Code (hereinafter, "IBC"), which are still undecided issues in this case. (Pl.'s Opp'n [Docket Item 161], 14-18.) Additionally, Plaintiff argues that the documents in question are relevant to the determination of damages. (Id. at 18-19.)

8. Defendant asserts in its reply brief that "[w]hether or not [Defendant's] net open area calculations for its flood vents comply with ASCE and IBC requirements for engineered openings is of no consequence to this case, because [Plaintiff] never pled a claim for false statements based on those requirements." (Def.'s Reply [Docket Item 163], 4.) However, the Court has already held that

> Plaintiff's claims regarding unfair competition or negligent misrepresentation as they pertain to Plaintiff's allegations that Defendant made false or misleading statements about the net open area of Defendant's vents, the coverage area that Defendant's vents can service, or Defendant's vents' compliance with professional engineering standards, such as those published by the ASCE or the IBC

remain issues for trial. (Memorandum Opinion [Docket Item 165], 6.) Furthermore, as stated supra, Plaintiff contends that Defendant's 2017 certifications continue to make the same false or misleading statements as Defendant's prior certifications. As the

6

Court has held that the veracity of statements made by Defendant regarding their products' compliance with ASCE and IBC standards are still issues for trial, and as Plaintiff has indicated that it believes both sets of certifications are deficient in the same way and for the same reasons, the Court finds that documents pertaining to the creation of the 2017 certifications are relevant to whether or not Defendant continues to make false or misleading statements with respect to net coverage area or compliance with ASCE or IBC standards or may be relevant to whether the allegedly false statements from the earlier certification have subsequently been altered. Therefore, keeping in mind that Defendant has not challenged the proportionality of this discovery request, and that Defendant has not preserved any claim of privilege or work product protection pertaining to these documents in the present motion, Defendant has not met its substantial burden to demonstrate that Judge Williams' finding that documents relating to the 2017 certifications are relevant to the claims or defenses remaining in this case was "clearly erroneous or contrary to law." As such, Defendant's motion shall be denied.

9. In light of the foregoing, the Court finds that the certifications in question are relevant to claims and defenses that remain in this case, and Judge Williams' March 11, 2019 Statement of Reasons and Supplemental Order [Docket Item 160] was neither clearly erroneous nor contrary to law. Therefore,

7

Defendant's present motion [Docket Item 160] will be denied. The accompanying Order shall be entered.

**April 11, 2019**                                 **s/ Jerome B. Simandle**
Date                                                    JEROME B. SIMANDLE
                                                              U.S. District Judge